UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:      E.M. WILLIAMS & SONS, INC.,      Case No. 08-30054-KRH
Chapter 7

Debtor

FIRST COMMUNITY BANK

Plaintiff,

v.      APN 08-03055-KRH

E.M. WILLIAMS & SONS, INC., et als.,

Defendants.

## MEMORANDUM OPINION

Before the Court are (i) the Complaint of plaintiff First Community Bank (the "Plaintiff") and (ii) the Answer, Counterclaim and Crossclaim of defendant and counterclaim plaintiff, Keith L. Phillips, Chapter 7 Trustee (the "Trustee"). The question presented in this case is whether the Trustee can avoid a deed of trust conveyed to the Plaintiff by defendant, E.M. Williams & Sons, Inc., (the "Debtor") where the Debtor did not have legal title to the underlying real property at the time it granted the deed of trust. Trial, originally scheduled for February 24, 2009, was not conducted when the parties advised the Court that they preferred to submit the question for the Court's determination on brief. Thereafter, the parties filed memoranda of law and agreed stipulations of fact in accordance with a briefing schedule established by the Court. The Court convened a hearing on April 16, 2009, to hear oral argument regarding the parties' positions (the "Hearing"). After reviewing the pleadings, the stipulations of fact, the memoranda of law, and

the argument of counsel, the Court ruled at the conclusion of the Hearing in favor of the Trustee (the "Ruling").

This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure in support of the Court's Ruling.[1]  The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984.  This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (C), (K), (M) and (O), in which final orders or judgments may be entered by a bankruptcy judge.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

## Undisputed facts

On January 7, 2008 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code in this Court (Case No. 08-30054).  As of the Petition Date, the Debtor was a Virginia corporation whose principal office was located at 100 Milford Street, Bowling Green (Caroline County), Virginia 22427.  Plaintiff is a national banking association duly authorized to conduct business in the Commonwealth of Virginia.  Defendant E.M. Williams & Sons, a Virginia general partnership (the "Partnership"), at all times pertinent hereto, was a general partnership whose principal office was also located at 100 Milford Street, Bowling Green (Caroline County), Virginia 22427.  Defendants Bernard M. Williams and Ronnie N. Williams are the sole shareholders, officers and directors of the Debtor.  They are also the sole

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

2

partners of the Partnership. Defendant Keith L. Phillips is the duly appointed and presently serving Chapter 7 Trustee in the Debtor's bankruptcy case.[2]

By deed dated July 28, 2000, and recorded August 1, 2000, in Deed Book No. 539, Page 776 of the Land Records of Caroline County, Virginia, James R. Cecil, Jr. and Catherine D. Cecil, husband and wife, conveyed the following described property located at 100 Milford Street, Bowling Green, Virginia 22427, to the Partnership (the "Real Property"):

> ALL that certain tract, piece or parcel of land, together with the improvements and appurtenances thereto belonging or in anywise thereunto appertaining, lying, being and situate in the Town of Bowling Green, fronting on Milford Street, Caroline County, Virginia, containing in area 12,630 square feet, more or less as is shown and more particularly described on a plat of survey thereof prepared by William W. Webb, Jr., Professional Land Surveyor, dated July 6, 1987, a copy of which plat is recorded in the Circuit Court Clerk's Office of Caroline County, Virginia, in Deed Book 313, at page 322.

On or about July 31, 2000, the Partnership conveyed the Real Property to John A. Nere, Jr. and G. William Beale, Trustees for Union Bank and Trust Company ("Union Bank"), to secure the principal sum of $96,000.00. This deed of trust secured the deferred portion of the purchase price the Partnership paid for the Real Property. Thus the Partnership, as of August of 2000, was seized with full title to the Real Property subject to the deed of trust in favor of Union Bank.

Some three years later, on January 10, 2003, the State Corporation Commission of Virginia issued a certificate of incorporation for the Debtor. More than two years after the Debtor was formed, it executed a promissory note dated May 31, 2005, in the original principal amount of $200,000.00 payable to the order of Plaintiff (the "First Community Bank Note"). The proceeds of the First Community Bank Note were used to satisfy the Partnership's outstanding balance to Union Bank on the Partnership's deferred purchase money note and otherwise to reduce debt of the Debtor.

---

[2] All of the defendants except the Trustee are in default; and, despite due and proper notice, they have chosen not to participate in these proceedings.

By deed of trust dated May 31, 2005, and recorded June 2, 2005, in Deed Book 751, Page 375 of the land records of Caroline County, Virginia, the Debtor, acting through Defendants Ronnie N. Williams and Bernard M. Williams, conveyed the Real Property in trust to J. Michael Grim, Trustee and J. E. Causey Davis, Trustee, for the benefit of Plaintiff, as beneficiary, to secure payment of the First Community Bank Note (the "2005 Deed of Trust"). Ronnie N. Williams executed the First Community Bank Note and the 2005 Deed of Trust (the 2005 Transaction") in his capacity as president of the Debtor. It was the understanding of Ronnie N. Williams at the time of the 2005 Transaction that "they would transfer the deed from the Partnership to the corporation." The settlement statement for the 2005 Transaction shows the borrower to be the Partnership, "E. M. Williams & Sons."

At no time has legal title to the Real Property ever been vested in the name of the Debtor. Since the conveyance on July 28, 2000, the Real Property has remained titled in the name of the Partnership. Notwithstanding that fact, the Debtor treated the Real Property as its own. The Debtor listed the Real Property in its bankruptcy schedules as an asset of its bankruptcy estate on its Schedule A–Real Property. Consistent therewith, the Debtor listed the debt it owed to the Plaintiff as a Secured Claim in the amount of $200,300.00 in its bankruptcy schedules on its Schedule D–Creditors Holding Secured Claims. The First Community Bank Note was personally guaranteed by both Bernard M. Williams and Ronnie N. Williams. Each of the guarantors subsequently filed petitions under Chapter 13 of the Bankruptcy Code, and their cases remain pending in this Court (Case Nos. 08-33643-KRH and 08-33644-KRH, respectively).[3] The Partnership has not filed for bankruptcy relief.

---

[3] The Chapter 13 trustees have taken no interest in the partnership interests of Bernard M. Williams or Ronnie N. Williams in the Partnership. Chapter 13 Trustees generally do not administer assets of a Chapter 13 bankruptcy estate.

4

As of April 7, 2008, the principal balance due and owing to the Plaintiff on the First Community Bank Note was $206,906.23. At the meeting of creditors conducted pursuant to § 341 of the Bankruptcy Code (the "Section 341 Meeting"), the Trustee announced upon reviewing the Debtor's bankruptcy schedules that it was his intention to abandon his interest in and to the Real Property.[4] On January 22, 2008, the Plaintiff filed a Motion for Relief from the Automatic Stay, for cause, to permit it to foreclose its Deed of Trust on the Real Property.[5] Sometime soon thereafter, Plaintiff discovered that the Debtor was not the record owner of the Real Property. On February 1, 2008, the Motion for Relief relating to the Real Property was withdrawn by the Plaintiff. On April 14, 2008, the Plaintiff filed a Memorandum of Lis Pendens in the land records of Caroline County, Virginia, where the Real Property is located. This adversary proceeding was commenced later the same day.

When the Trustee announced that he intended to abandon his interest in the Real Property, the accurate state of the title to the Real Property had not been brought to the attention of either the Trustee or the Plaintiff. Rather, the Trustee was relying upon the representations of the Debtor, its principals, the Partnership, its partners, and the Plaintiff that the Debtor was the vested owner of the Real Property when it conveyed the Deed of Trust to the Plaintiff. The Trustee first asserted his claim to the Real Property when he filed his Counterclaim to the Complaint.

---

[4]     Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).
    Section 725 of the Bankruptcy Code provides that "[a]fter the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title." 11 U.S.C. § 725.

[5]     Section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

The parties have stipulated that the fact that the Partnership was never dissolved was not an inadvertence. It has also been stipulated that Ronnie N. Williams, President of the Debtor, intended for the First Community Bank Note to be secured by the Real Property.[6]

**Discussion**

Both the Plaintiff and the Trustee admit that the Partnership had agreed pre-petition to deed the Real Property to the Debtor. The Debtor paid off the Partnership's deferred purchase money note held by Union Bank which was secured by the Real Property. The Debtor received the balance of the proceeds from the First Community Bank Note. The Plaintiff, the Debtor, and the Partnership were all of the mistaken impression that the Real Property had been pledged to the Plaintiff as security for the First Community Bank Note. The Court finds that there is sufficient evidence to conclude, as the Plaintiff and the Trustee both stipulate, that the Debtor had an equitable interest in the Real Property, which interest became property of the Debtor's estate on the Petition Date pursuant to Bankruptcy Code § 541(a)(1).[7] The Court therefore concludes that as of the Petition Date, the Debtor held the equitable interest in the Real Property and the Partnership held bare legal title to the Real Property. Under these circumstances, the bankruptcy estate is entitled to be seized with both the equitable and legal interests in and to the Real Property. The Trustee is entitled to obtain the legal interest in the Real Property in the form

---

[6] It has been stipulated by the parties that "it was my [Ronnie N. Williams's] assumption that they had the office at 110 Milford as collateral." This stipulated, admitted assumption is not surprising given the fact that Ronnie N. Williams guaranteed repayment of the note.

[7] A contract purchaser of real property holds equitable title to the subject property. *In re Griffin*, 397 B.R. 356, 359 (Bankr. W.D. Va. 2008) (citing *Sale v. Swann*, 138 Va. 198, 208, 120, 120 S.E. 870, 873 (1924)). Here the agreement to convey the Real Property was not evidenced by a written document. Normally that failure would render the agreement unenforceable. *See* Va. Code Ann. §11-2. However, "[p]arol contracts for the sale of real estate can be removed from the statute of frauds by part performance . . . when '(1) the parol agreement relied upon is certain and definite in its terms; and (2) the acts relied upon to prove part performance refer to, result from or are made in pursuance of the agreement proved; and (3) where the agreement has been so far executed that a refusal of full execution would operate a fraud upon the party and place him in a situation which does not lie in compensation.'" *Lubman v. Wells* (*In re Wells*), 296 B.R. 728, 731 (Bankr. E.D. Va. 2003) (internal citation omitted) (quoting *Cannon v. Cannon*, 158 Va. 12, 19 163 S.E. 405, 407 (1932)).

of a deed from or on behalf of the Partnership conveying the Real Property to the bankruptcy estate as of the Petition Date. *See* 11 USC §§ 542 & 543.

As between the deed of trust trustees, as grantees for the benefit of Plaintiff, and the Debtor, as grantor, under the 2005 Deed of Trust, the pledge of the Real Property becomes valid when, and only if, the Debtor subsequently acquires legal title. Code of Virginia § 55-52 states:

> When a deed purports to convey property, real or personal, describing it with reasonable certainty, which the grantor does not own at the time of the execution of the deed, but subsequently acquires, such deed shall, as between the parties thereto, have the same effect as if the title which the grantor subsequently acquires were vested in him at the time of the execution of such deed and thereby conveyed.

The Court has determined that the Debtor is entitled to the legal title to the Real Property (in addition to the equitable title it already has) as of the Petition Date. Upon the bankruptcy estate's receipt of legal title to the Real Property, the Deed of Trust becomes valid pursuant to Code of Virginia § 55-52 as between the parties thereto—the Plaintiff and the Debtor. But for the commencement of the bankruptcy case, the Plaintiff would then have a valid deed of trust lien on the Real Property as of the Petition Date.[8]

However, the Trustee can avoid the attachment of any such deed of trust lien pursuant to §§ 544 and 550 of the Bankruptcy Code and preserve the avoided lien for the benefit of the bankruptcy estate pursuant to Bankruptcy Code § 551. Section 544 of the Bankruptcy Code provides that the Trustee "has as of the [Petition Date] the rights and powers of, or may avoid any transfer of property of the debtor . . . that is avoidable by . . . a bona fide purchaser of real property . . . from the Debtor. . . ." This means that if a bona fide purchaser who received title to

---

[8] This assumes that the deed of trust lien would attach to the Real Property, in the first instance, given the constraints of 11 U.S.C § 362 which prevents the post-petition attachment of a pre-petition lien on property of the estate.

the Real Property from the Debtor on or before the Petition Date could avoid the Plaintiff's 2005 Deed of Trust, then so could the Trustee by operation of § 544 of the Bankruptcy Code.

Determination of whether a bona fide purchaser would be entitled to receive clear title to the Real Property on the Petition Date rests upon application of the Virginia recording statutes. "Under the Virginia recording statutes, unrecorded conveyances and deeds of trust are 'void as to all purchasers for valuable consideration without notice not parties thereto and lien creditors.'" *Mayer v. U.S.* (*In re Reasonover*), 236 B.R. 219, 232 (Bankr. E.D. Va. 1999) (quoting Va. Code Ann. § 55-96(A)(1)).[9] "To obtain the status of a bona fide purchaser, one must have neither actual nor constructive notice of any defects in the chain of title." *Id.* at 232–33 (citation omitted). Thus, under Virginia law an unrecorded deed of trust is not valid against a bona fide purchaser who has neither actual nor constructive notice of the deed of trust.[10]

The concept of "constructive notice" results from the duty of the purchaser to examine the land records for any defects in the chain of title. "In Virginia, a bona fide purchaser for value is required to examine the land records and is chargeable with such knowledge as might be revealed by such examination." *In re Wilson*, 359 B.R. 123, 132 (Bankr. E.D. Va. 2006) (quoting *Chavis v. Gibbs*, 198 Va. 379, 382, 94 S.E.2d 195, 197 (1956)). But even if it is the duty of a purchaser to search a title, "assuredly [he need not search the title] beyond the period at which legal title vested in the vendor." *Id.* at 133 (quoting *Doswell v. Buchanan's Ex'rs*, 30 Va. (3 Leigh) 365 (1831)). A bona fide purchaser of the Real Property from the Debtor on or before the Petition Date would not have found the 2005 Deed of Trust conveyed by the Debtor and recorded years earlier. That is because such a purchaser would not (nor would it be required to)

---

[9] The Trustee also has, as of the commencement of the case, the hypothetical status of a judgment lien creditor by virtue of § 544. *See* 11 U.S.C. § 544(a)(1).

[10] Va. Code § 55-22 is consistent in all respects. It provides that the 2005 Deed of Trust is valid only "as between the parties". The Trustee, in the capacity of a bona fide purchaser, is not a party to the 2005 Deed of Trust.

search the grantor index under the Debtor's name for any period prior to the time that the Debtor became the record owner of the Real Property. As the Debtor is the transferee of the Real Property from the Partnership as the grantor, a bona fide purchaser from the Debtor would search the grantor index under the Partnership's name for all times before the Debtor became the record owner of the Real Property. A bona fide purchaser would never find the 2005 Deed of Trust from the Debtor because it would be outside the grantor-grantee chain of title. The chain of title would show no conveyances out from the Partnership other than (i) the satisfied deed of trust that secured the Partnership's deferred purchase money note and (ii) the deed to the Debtor as of the Petition Date. Similarly, the chain of title would show no conveyances out from the Debtor to any other party after the Petition Date. According to the record title, it is as if the 2005 Deed of Trust was unrecorded.

As a bona fide purchaser could not have been charged with either actual or constructive notice of the 2005 Deed of Trust, the Trustee similarly is not charged with knowledge of the 2005 Deed of Trust that was granted by the Debtor when it did not own the Real Property. Va. Code. Ann. § 55-96(a)(1) applies and operates together with § 544 of the Bankruptcy Code to void the 2005 Deed of Trust as between the Plaintiff and the Trustee. Bankruptcy Code §§ 544 and 550 permit the Trustee to avoid the lien of the 2005 Deed of Trust on the Debtor's equitable (and newly-acquired legal) title to the Real Property. Section 551 of the Bankruptcy Code permits the Trustee to preserve the avoided lien for the benefit of the estate. Accordingly, the Trustee is entitled to take the Real Property free and clear of the interest of the Plaintiff.[11]

---

[11] Although the Plaintiff has not asserted constructive trust or resulting trust theories of recovery, the Court notes that those arguments would fail in this case. *See generally Wu v. Tseng*, 459 F. Supp.2d 468 (E.D. Va. 2006); *Lubman v. Wells* (*In re Wells*), 296 B.R. 728 (Bankr. E.D. Va. 2003). It is plain that the limitation in § 541(d) of the Bankruptcy Code applies only to § 541(a)(1) and (2) of the Bankruptcy Code. The limitation does not apply where a transfer is avoided pursuant to § 550 of the Bankruptcy Code and the avoided lien becomes property of the bankruptcy estate, as it does here, under § 541(a)(3) of the Bankruptcy Code. *See Mayer v. U.S.* (*In re Reasonover*), 236 B.R. 219, 226 (Bankr. E.D. Va. 1999).

Nor does the Trustee's announcement at the meeting of creditors preclude him from pursuing his interest in the Real Property at this time for the benefit of all the creditors of the bankruptcy estate. The Trustee announced his intention[12] to abandon his interest in the Real Property before he was provided with the documents of title, and thus he is not prohibited from asserting his subsequent interest in the Real Property.

Pursuant to Bankruptcy Code § 554, property of the estate can only be abandoned in one of three ways:

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

Even after a case is closed, abandonment may not be final if there has been a material mistake of fact that caused the Trustee to abandon the asset. *See, e.g.*, *Broscious, PLC v. Ahearn* (*In re Ahearn*), 318 B.R. 638 (Bankr. E.D. Va. 2003). In the present case, although the Trustee announced his intention to abandon his interest in the Real Property at the Section 341 Meeting, he did so at a time when all parties in interest were under the misapprehension that the Debtor had legal title to the Real Property. Therefore, the Court concludes that the Trustee's announced intention to abandon his interest in the Real Property was not effective under Bankruptcy Code

---

[12] The announcement of a trustee's "intention" to abandon his' or hers' interest in an asset of the bankruptcy estate suggests that some subsequent act must be undertaken in furtherance thereof before the asset is actually abandoned.

§ 554. To the extent it was effective, this Court grants the Trustee permission to rescind the abandonment.[13]

For these reasons, the Court finds and concludes that (1) the Debtor was the owner of the equitable title to the Real Property as of the Petition Date; (2) upon the commencement of the Debtor's bankruptcy case, the Trustee succeeded to that equitable interest in the Real Property; (3) as the Partnership holds only bare legal title to the Real Property, the Trustee is entitled to receive a deed to the Real Property as of the Petition Date; (4) the Trustee may avoid any transfer of property of the Debtor that is avoidable by a bona fide purchaser of real property from the Debtor; (5) as such, the Trustee is charged with the knowledge of record title to the Real Property as of the Petition Date; (6) the 2005 Deed of Trust was outside the chain of record title to the Real Property; and (7) as a result, the 2005 Deed of Trust is avoidable and has been avoided pursuant to Bankruptcy Code §§ 544 and 550 and preserved for the benefit of the estate pursuant to Bankruptcy Code § 551.

A separate Order shall issue.

ENTERED: _____

                                                    /s/ Kevin R. Huennekens
                                          UNITED STATES BANKRUPTCY JUDGE

Copies to:

Augustus C. Epps, Jr.
Christian & Barton, L.L.P.

---

[13] In reaching this conclusion, the Court does not address the question whether property can be abandoned under § 544 by the Trustee's mere announcement of his intention to do so or whether abandonment requires (i) the subsequent filing of a report of abandonment, (ii) the subsequent filing of a report of no distribution or (iii) the closing of the case without administration of the asset. The Court notes that none of these exigencies was existant in this case and that if any of the three were required to complete the abandonment as a matter of law, then no abandonment would have been found to have occurred in the first instance.

909 East Main Street, Suite 1200
Richmond, VA  23219-3095

Madeline A. Trainor
Cyron & Miller, L.L.P.
100 N. Pitt Street, Suite 200
Alexandria, VA  22314